### C. W. MEYER v. THE STATE.

#### No. 601.    Decided June 10th, 1896.

**Obstructing a Public Road—Evidence Insufficient.**

See facts stated in the opinion, upon which it is Held: That the evidence is insufficient to sustain a judgment of conviction for willfully obstructing a public road. HENDERSON, Judge, while concurring as to the insufficiency of the evidence, Holds: That the charge of the court as to a dedication of a road, was insufficient; and, that special instructions, asked by defendant on that question, should have been given.

APPEAL from the County Court of Bell. Tried below before Hon. JOHN M. FURMAN, County Judge.

Appeal from a conviction for willfully obstructing a public road; penalty, a fine of $25.

The opinion states the facts. The charge given by the court, as to what constituted the establishing or dedication of a public road, was as

follows: "You are further charged that the orders of a Commissioners' Court establishing a road as a public road do not constitute the only method by which such road may be shown to be the public road; the public character of the road may be established by proof of long-continued use of it as such, and by an order of the commissioners assigning hands to work on it as a public road, or by an order declaring it to be a road of a certain class. But mere travel over a road for a short period does not make it a public road."

The refused special instructions asked by defendant, and which Judge Henderson holds should have been given, are as follows, viz:

"1. Unless the jury believe, beyond a reasonable doubt, that the general public, under a claim of right, and not by mere permission of the owner, used some defined way over the Connell survey, without interruption or substantial change, for at least ten years next before the date of the alleged obstruction, then there was no public road, acquired by prescription or limitation; and, unless you find that a public road across the Connell survey was acquired by Bell County in some other legal mode, you will find the defendant not guilty."

"2. A public road cannot be established by prescription while the land over which the road runs is unimproved and unoccupied prairie land, over which people may travel at their pleasure."

"3. A change by the public from one way to another permanently, constitutes an abandonment of the first way, and this may be shown by acts of the public and of the overseer and road hands. If the jury believe from the evidence, that the public have ever acquired a right to a public road across the William Connell survey, by continuous, uninterrupted use of a certain defined way for the length of time required, as herein charged, but that the said defined way so acquired by prescription was subsequently abandoned, and a different way or route has been traveled by the public and worked by the overseer and road hands, and that the use of said named defined way has not been continued uninterruptedly for sufficient time to complete a claim thereto by prescription, then you are instructed to find the defendant not guilty."

"4. Prescription or limitation does not run against a married woman while under coverture, unless possession of the particular defined way claimed to be the public road was taken by the public before her marriage; and, in this case, if you believe that the wife of defendant owns an undivided interest in the William Connell one-third league survey, and owned it prior to her marriage, and the road now claimed to be the public road—the defined way—was taken possession by the public after her marriage to defendant, then there is no prescription or limitation against her rights, and the defendant, acting as her agent or in her interest, committed no offense in erecting the fence in question, and, if you so believe, you will find defendant not guilty."

"5. Where the use of a highway as a public road is merely permissive, that is, merely permitted by the owner of the land, and is not ad-

verse, there is no basis on which a right of way by prescription can rest."

"6. The use of vacant, uninclosed land for ten years by the public in passing and repassing over it, and although the same may be called a public road, and be worked by the overseer and road hands during said time, does not give the public a road by prescription."

"7. In this State, the mere acquiescence of the owner of uninclosed land, in the use by the public of a road over it, is not sufficient evidence of a dedication."

"8. If the jury believe from the evidence that there are more than one road on the Connell survey, which have been, at any time, used by the public and worked by the overseer and road hands as a public road under the name of the Belton and Austin road, and that the defendant fenced all of said roads and that the road overseer cut or opened defendant's said fence so as to open one of said roads for public travel, then you will inquire into the question of obstruction of such road only so opened by the overseer, and will not consider the question of obstruction of any other road; and, unless said road so opened up by the overseer through defendant's fence has been used by the public for such time continuously as the Belton and Austin public road as would give the public a road by prescription as elsewhere defined in the main charge, then you will find the defendant not guilty."

*Geo. W. Tyler* and *Harris & Saunders*, for appellant.

*Mann Trice*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted of willfully obstructing a public road. There are several questions suggested for our consideration in the record, but, under the view we take of the testimony, we deem it unnecessary to consider but one of those questions, to-wit: the alleged insufficiency of the evidence to support the conviction. It would seem, from the record, that there has been a road running from Waco through Belton and Georgetown to Austin. This road has been known by the names of the "Waco and Austin Road," the "Belton and Georgetown Road," and the "Belton and Austin Road." This road was traveled at some time prior to the time that the town of Belton had an existence. So far as the record discloses, this road was never laid out by metes and bounds by order of the Commissioners' Court of Bell County. The record shows that what was known as the "Belton and Austin Road" in 1858 was declared to be a public road, and overseers appointed. At the time indicated the country was open, and people traveled along this road as their own inclination or caprice dictated. The road alleged to have been obstructed is on the Connell survey. Subsequent to 1858, as the country began to be settled and inclosed, by order of the Commissioners' Court of Bell County the road on the surveys north of the Connell survey was changed, and the lands inclosed,

pushing the road to the eastward. As these roads were changed on the north, the point of entrance on the Connell survey would be changed by public travel to meet the changes made by order of the Commissioners' Court on the surveys north of said Connell survey. So far as the record discloses, no changes were made or any action had with reference to the road across the Connell survey, but it would seem, from the changes made by the Commissioners' Court on the surveys north of said road, that the point of entrance on the Connell survey was changed from 600 to 700 yards eastward. The record shows that no action was ever taken in regard to the Connell survey by the Commissioners' Court with reference to these changes, but shows the contrary. The parties living in the vicinity and along this road indicate that there was never but one road laid out across said survey, which occurred in 1846 or 1847, by military authority, which road was traveled for some years, and was closed up, north of the Connell survey, by the changes made by the Commissioners' Court as to the location of the road above its point of entrance in said Connell survey. As these changes would occur north, and in some instances, perhaps, south, of the Connell survey, the overseers appointed by the Commissioners' Court to work said road would work along the line extending from the point of entrance on the north of the Connell survey to some point of exit on the south, and this road across said survey, as traveled, would correspond with the changes made on the north of said survey by the Commissioners' Court. These roads—for there was seven of them across the Connell survey, at different times—would be changed from west to east on said survey, by inclosing portions of said survey by parties who owned or controlled it. The appellant, who owned and controlled a large portion of said survey, had owned his interest for eighteen years, during which time several of these changes had been made, and one of which he himself made in 1892; the change under investigation having been made in 1893. The owner himself testified that he believed, under all of these circumstances, that he had a right to change that road, that the Commissioners' Court had never laid out any road, had never paid him for it, and that he believed that a man who owned land in this country had a right to control and fence it, and that he had no intention of violating any law of his country in inclosing his own land; that he had applied to the Commissioners' Court for a change of the road to a point to which he did change it, and they refused it, because he, in the petition, called it the "Georgetown and Belton Road," instead of the "Belton and Austin Road." Under this state of case, we are of opinion that the testimony fails to show a willful obstruction of a public road, if in fact, it shows that a public road really had an existence at the point of obstruction. Before a party can be convicted in this State for obstructing a public road, two things are absolutely necessary: First, there must be a public road obstructed; and, second, a willful obstruction thereof. In point, see Laroe v. State, 30 Tex. Crim. App., 374; Railroad Co. v. Parker, 41 N. J. Eq., 480, 5 Atl., 641;

Owens v. Crossett, 105 Ill., 354; 9 Amer. and Eng. Ency. of Law, p. 368. The judgment is reversed and the cause remanded.

*Reversed and Remanded.*

HURT, Presiding Judge, concurs.

HENDERSON, JUDGE.—While I agree with the majority of the court as to the disposition of the case, I believe the facts required a submission of the case to the jury. The question in the case was as to whether or not there was a dedication of a road through the lands of the appellant, in connection with prescription. The court's charge upon this subject, in my opinion, was not full enough, and the charges asked by appellant should have been given.